

336 S. Main Street, Suite 2A-C  Bel Air, MD 21014
Toll Free: (855) KBA-LAWS (522-5297)
Office: (410) 885-6267
Fax: (855) 334-5626
www.KBAattorneys.com

**Brian Ketterer** (PA) • **Justin Browne** (MD)

**Michael Appel** (MA, NH) • **Derek Braslow** (PA, NJ, DC) • **Julie Ferraro** (MA, FL)

**Christina Graziano** (MA) • **Reza Davani** (MD)

April 7, 2021

**VIA CM/ECF SYSTEM**
The Hon. A. David Copperthite
District of Maryland

**RE:**   *Pullen v. Baltimore Lutheran High School Association,* **1:20-cv-03214-ELH**

Dear Judge Copperthite:

In response to Defendant Concordia Preparatory School's letter outlining the discovery dispute between the parties, Plaintiff's response to simple: Plaintiff does not dispute the discoverability of the items described in the letter, but rather states quite simply that the items requested are not available to be produced. While Defendant's letter to the Court in this matter is remarkably brief, Defendant has raised these same issues in greater detail in a related case (*Buettner-Hartsoe v. Baltimore Lutheran High School Association*), and so Plaintiff replicates much of the argument in opposition here so that the Court can understand the scope of the dispute between the parties.

With respect to Plaintiff's itemized calculation of damages, Plaintiff's counsel has explained several times that we simply do not yet have in our possession all of the bills and records associated with this matter. Plaintiff's counsel agrees with Defendant that these items are discoverable; in fact, we have been producing documents to the Defendant on a rolling basis, as recently as two days ago. When Defendant has made cogent arguments regarding the need for records subpoenas, we have complied. When Plaintiff's counsel has the bills, we will continue to produce them without delay. Plaintiff does not have to forecast future medical expenses right now because to the extent such damages exist, they are subject to expert opinion and analysis. This has been repeatedly explained to Defendant. Plaintiffs will serve a life care plan and/or any other documentation responsive to this request when the deadline to do so comes to bear. Until then, it does not exist and cannot be produced.

With respect to text messages, Defendant is again requesting Plaintiff to produce things that do not exist. Plaintiff has been asked, repeatedly, to produce texts and other messages. She searched for them on her devices and has repeatedly stated that her text messages do not date back to the time period in question, nor does she use text message to communicate with potential witnesses in the present. Here again, Plaintiff does not disagree with Defendant's entitlement to this discovery. She simply does not have these items. Just like Defendant's witnesses (who are adult employees of a business) no longer have text messages from the timeframe in question, not surprisingly, neither does the teenaged Plaintiff. This has been communicated to Defendant's counsel multiple times; nonetheless, they are filing a motion to compel non-

existent things. Defense counsel has not laid any foundation to suggest that these items are being improperly withheld, when Plaintiff's reason for not having access to these items is the same as the excuse proffered by Defendant's witnesses.

On a similar note, with respect to Defendant's requests for social media, Plaintiff has turned over her Facebook account's data and screenshots from her active Instagram account. As we have explained to Defense counsel, Plaintiff also uses SnapChat but cannot retrieve those messages or posts because the nature of SnapChat is to delete those messages shortly after they are sent or posted. Defendant identified a list of Instagram accounts that it would like to discover, and is not satisfied with Plaintiff's response that the accounts are de-activated.

At base, this is a dispute not over whether or not certain items are discoverable, it's a dispute simply because Defendant does not like Plaintiff's answers to its questions. Counsel is happy to provide the Court with further detail and argument in support of these positions if the Court desires, but ultimately Plaintiff's counsel does not feel that a hearing is productive where Plaintiff is not able to produce items that do not exist.

Respectfully,
/s/ Christina Graziano
Justin A. Browne (Bar No. 29164)
Christina Graziano (admitted *pro hac vice*)
Brian Ketterer (admitted *pro hac vice*)
**KETTERER, BROWNE & ANDERSON, LLC**