IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONNA BUETTNER-HARTSOE, *et al.*, | * | |
| *Plaintiffs*, | * | Civil Action No. RDB-20-3132 |
| v. | * | |
| BALTIMORE LUTHERAN HIGH SCHOOL ASSOCIATION, *d/b/a/* CONCORDIA PREPARATORY SCHOOL, *et al.*, | * * * | |
| *Defendants*. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JENNIFER PULLEN, | * | |
| *Plaintiff*, | * | Civil Action No. RDB-20-3214 |
| v. | * | |
| BALTIMORE LUTHERAN HIGH SCHOOL ASSOCIATION, *d/b/a/* CONCORDIA PREPARATORY SCHOOL, *et al.*, | * * * | |
| *Defendants*. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

Between October 2020 and March 2021, five cases were brought by former students and their parents against Defendant Baltimore Lutheran High School Association, doing business as Concordia Preparatory School ("Concordia Prep"), alleging violations of Title IX of the Education Amendments of 1972 ("Title IX") and tort claims under Maryland law. (*See Buettner-Hartsoe v. Balt. Lutheran High Sch. Ass'n*, No. RDB-20-3132 (D. Md. filed Oct. 28, 2020); *Pullen v. Balt. Lutheran High Sch. Ass'n*, No. RDB-20-3214 (D. Md. filed Nov. 5, 2020); *Conrad*

1

*v. Balt. Lutheran High Sch. Ass'n*, No. 20-3229 (D. Md. filed Nov. 6, 2020); *Gomez v. Balt. Lutheran High Sch. Ass'n*, No. RDB-20-3267 (D. Md. Nov. 11, 2020); *Barber v. Balt. Lutheran High Sch. Ass'n*, No. RDB-21-691 (D. Md. filed Mar. 18, 2021).)  Three of the five cases remain pending: *Buettner-Hartsoe*, *Pullen*, and *Conrad*.[1]  This Memorandum Order pertains only to *Buettner-Hartsoe* and *Pullen*.[2]

On March 27, 2024, the United States Court of Appeals for the Fourth Circuit reversed this Court's denial of Concordia Prep's Motion to Dismiss the *Buettner-Hartsoe* Plaintiffs' Title IX claim.  *See Buettner-Hartsoe v. Balt. Lutheran High Sch. Ass'n*, 96 F.4th 707 (4th Cir. 2024).  In brief, the Fourth Circuit held that Concordia Prep's 26 U.S.C. § 501(c)(3) tax exempt status does not constitute receipt of federal financial assistance for purposes of Title IX.  *Id.*

On April 29, 2024, this Court held a telephone conference with the parties in *Buettner-Hartsoe*, *Pullen*, and *Conrad*.  As noted in footnote 2 and this Court's Letter Order dated April 29, 2024, the parties in *Conrad* dispute whether there may have been some source of federal funding through Payment Protection Program.  However, the parties in *Buettner-Hartsoe* and *Pullen* agree that the sole basis for federal jurisdiction in *Buettner-Hartsoe* and *Pullen* are the respective Plaintiffs' Title IX claims, which they agree must be dismissed for lack of subject matter jurisdiction following the Fourth Circuit's March 27, 2024 holding.

---

[1]  Two of the cases have been terminated pursuant to the parties' filing of stipulations of dismissal with prejudice.  (*See Gomez*, No. RDB-20-3267 (D. Md. July 6, 2023), ECF Nos. 143, 144; *Barber*, No. RDB-21-691 (D. Md. July 6, 2023), ECF Nos. 69, 70.)

[2]  By Letter Order, this Court memorialized its April 29, 2024 telephone conference with the parties in *Buettner-Hartsoe*, *Conrad*, and *Pullen*.  Therein, this Court noted that the parties in *Conrad* dispute whether there may have been some source of federal funding through the Paycheck Protection Program, the U.S. Small Business Administration-backed loan that helped businesses keep their workforce employed during the COVID-19 crisis.  By the same Letter Order, this Court ordered that *Conrad* remain stayed and be assigned to a U.S. Magistrate Judge of this Court for mediation.

As such, this Court must decide whether it will exercise supplemental jurisdiction over the *Buettner-Hartsoe* and *Pullen* Plaintiffs' remaining state law claims. Pursuant to 28 U.S.C. § 1367(a), this Court may entertain claims over which it does not have original jurisdiction where it has original jurisdiction over at least one claim. As the Supreme Court explained in *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005), "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy as long as the action is one in which the district courts would have original jurisdiction." *Id.* at 558. Federal Rule of Civil Procedure § 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction" once the court "has dismissed all claims over which it has original jurisdiction." In brief, the requirements of jurisdiction have not been met and this Court declines to exercise supplemental jurisdiction over the remaining claims in *Buettner-Hartsoe* and *Pullen*.

Accordingly, it is this 1st day of May, 2024, hereby ORDERED that *Buettner-Hartsoe v. Balt. Lutheran High Sch. Ass'n*, No. RDB-20-3132 and *Pullen v. Balt. Lutheran High Sch. Ass'n*, No. RDB-20-3214 are DISMISSED WITHOUT PREJUDICE.[3]

/s/
Richard D. Bennett
United States Senior District Judge

---

[3] "[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (quoting *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006)).